UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL LATION,
                              Plaintiff,

-v-

FETNER PROPERTIES, INC., 1212
FIFTH AVENUE CONDOMINIUM, and
THOMAS CHIU,
                              Defendants.

17-CV-3276 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    This action arises out of Defendant Thomas Chiu's harassing and discriminatory conduct against Plaintiff Carl Lation, who works as a concierge in the Manhattan condominium in which Chiu was a resident-owner. (Dkt. No. 1.) In an Opinion and Order dated December 22, 2017, this Court granted Lation's motion for default judgment against Chiu on Lation's claim of intentional infliction of emotional distress. *See Lation v. Fetner Props., Inc.*, 2017 WL 6550691 (S.D.N.Y. Dec. 22, 2017). The Court assumes familiarity with the background and legal conclusions set forth in that Opinion and Order.[1]

---

[1] The Court denied Lation's motion for default judgment with respect to his other claims under federal, state, and city law on the ground that the Complaint's allegations—assumed true because of Chiu's default in this case—failed to establish Chiu's liability as a matter of law. *See* 2017 WL 6550691, at *3–4. Lation's claims against the other two defendants, Fetner Properties, Inc., and 1212 Fifth Avenue Condominium, have been stayed pending mandatory arbitration. *See id.* at *3.

    This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331 due to the assertion of federal claims against all three defendants. Supplemental jurisdiction is exercised over the New York State and New York City law claims, which arise from the same set of facts as the federal claims. Although default judgment is being entered against Chiu only on a single state law claim, this Court's exercise of supplemental jurisdiction is proper because (1) the facts of that claim are intertwined with the facts of the federal claims that remain against the other two defendants, and (2) this Court has engaged in significant proceedings in this case, including multiple warnings to Chiu that he must participate in this action or face default.

1

This Court held an inquest hearing for the purpose of assessing damages on January 30, 2018.  In advance of the hearing, Lation submitted proposed findings of fact and conclusions of law (Dkt. No. 48), an affidavit of Lation (Dkt. No. 49), and attorney affirmations with additional documentation (Dkt. Nos. 50, 55).  During the hearing, the Court heard testimony from Lation.

The Court now makes the following findings of fact and conclusions of law.

I

The testimony of Carl Lation was highly credible.  Lation is a 32-year-old African-American gay man who has attended the Juilliard School and has worked as a dancer, choreographer, and teacher in New York City.  He has been employed as a concierge at the 1212 Fifth Avenue Condominium in Manhattan since 2013.  The job of the concierge involves frequent daily interaction with condominium residents.

Beginning in 2015 and continuing until 2017, Thomas Chiu, a resident-owner at the condominium, began engaging in harassing behavior toward Lation, much of which was racist and homophobic in nature.  The behavior was unprovoked.  It began in the summer or fall of 2015, when Chiu looked at Lation in the condominium lobby and directed a racist epithet toward him, saying, "Hey nigger."  Chiu was repeatedly abusive and aggressive toward Lation, yelling at him, telling him to "go fuck yourself," and calling him "stupid."  These racist comments and abusive behavior continued on several occasions in 2015 and 2016.

Chiu also directed homophobic comments at Lation, calling him "pussy," referring to him as "she," and telling him to "man up."  In October 2016, Chiu exposed his bare buttocks to Lation.  A few days later, Chiu asked Lation, "Do you like my booty?"  When Lation responded by asking why Chiu was talking to him in that manner, Chiu proceeded to say "fuck you" repeatedly to Lation.

Chiu's harassing behavior continued into 2017. In February 2017, Chiu called Lation a "shit." In March 2017, Chiu again used the word "nigger" as he raised his middle finger toward Lation.

Lation filed his complaint in this action on May 3, 2017. As explained in the Court's prior Opinion and Order, Chiu defaulted, failing to defend the action despite repeated warnings. *Lation*, 2017 WL 6550691, at *1–2.

On or about October 12, 2017, Chiu approached Lation, asked him, "Are you Carl?" and then walked away. On or about October 18, 2017, Chiu approached Lation, said he was "sorry" for his conduct, and asked if he could "make the lawsuit go away."

In November 2017, Chiu sold his apartment and left the building.

The Court finds that Lation suffered significant pain and suffering as a result of Chiu's ongoing abusive behavior from 2015 to 2017. He experienced humiliation, anxiety, shame, and stress. For nearly two years, Lation was forced to endure the constant threat—often coming to fruition—that he would be harassed at his place of work and humiliated in front of his coworkers and residents. His emotional distress was made worse by the racist and homophobic nature of the ongoing campaign of slurs that Chiu directed against Lation.

II

Lation seeks damages for his pain and suffering and emotional distress. He does not claim any medical costs or other economic damages. Acknowledging that the Court has discretion in determining the amount of a damages award for pain and suffering, Lation requests $456,000 (a number that represents $500 per day for 912 days). He also seeks prejudgment interest from June 1, 2015, and attorney's fees.

A

The Second Circuit has explained:

> Awards for mental and emotional distress are inherently speculative. There is no objective way to assign any particular dollar value to distress. Nonetheless, as we explained in discussing a claim of excessive punitive damages in *Payne* [*v. Jones*, 711 F.3d 85, 93 (2d Cir. 2013)], "a legal system has an obligation to ensure that such awards for intangibles be fair, reasonable, predictable, and proportionate."

*Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 162 (2d Cir. 2014).

Some district courts in this circuit have suggested that awards in the range of $5,000 to $30,000 are generally appropriate for "garden variety" emotional distress claims—that is, those claims in which the evidence of mental anguish is limited to the plaintiff's testimony and there is no evidence of medical treatment. *See Greathouse v. JHS Sec. Inc.*, No. 11 Civ. 7845, 2015 WL 7142850, *4 (S.D.N.Y. Nov. 13, 2015), *report and recommendation adopted*, 2016 WL 4523855 (S.D.N.Y. Aug. 29, 2016). Others have suggested a range of $30,000 to $125,000 for such claims. *See Olsen v. County of Nassau*, 615 F. Supp. 2d 35, 46–47 (E.D.N.Y. 2009).

The Court finds that $100,000 is a fair, reasonable, and proportionate measure of compensatory damages for Lation's pain and suffering. Although Lation's evidence of emotional distress was limited to his own testimony, Chiu's conduct was severe and gratuitous, and Lation's pain and suffering correspondingly significant.

The Court also finds that punitive damages are warranted in light of the malicious and egregious nature of Chiu's conduct, particularly the shameful racist and homophobic slurs directed at Lation over the course of nearly two years. Such conduct should be deterred. Punitive damages serve the purpose of deterrence. Under the circumstances, the Court finds that a punitive damages award of $200,000 is appropriate. *See Turley*, 774 F.3d at 166 (approving a

2:1 ratio of punitive damages to emotional distress damages on a New York claim of intentional infliction of emotional distress).

B

Under New York CPLR § 5001, Lation is also entitled to prejudgment interest at the New York statutory rate of 9 percent. Lation asks for interest from June 1, 2015. While interest is generally calculated from the "earliest ascertainable date the cause of action existed" or from the date of subsequent damages, the statute provides that where "damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." NY CPLR § 5001(b). Because Lation's emotional distress damages were ongoing—from the summer of 2015 until approximately October 2017—the Court selects a reasonable intermediate date. Prejudgment interest will run from August 1, 2016.

C

Lation also requests an award of attorney's fees. New York law does not provide for fee-shifting on claims of intentional infliction of emotional distress. Although the Court has the inherent power to award fees for bad faith or vexatious conduct, that power is typically exercised to address such conduct occurring in the conduct of the litigation or comparable behavior. Here, the Court's award of punitive damages is sufficient to address the egregious nature of the underlying conduct. The request for attorney's fees is therefore denied.

III

For the foregoing reasons, the Court awards damages to Lation from Chiu in the amount of $100,000 in compensatory damages and $200,000 in punitive damages, for a total of $300,000. Prejudgment interest of 9 percent will run from August 1, 2016.

The Clerk of Court shall enter judgment accordingly.

Dated: February 5, 2018
   New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTIES BY CHAMBERS*