```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| CARL LATION,<br>                            Plaintiff,<br><br>           -v-<br><br>FETNER PROPERTIES, INC., 1212<br>FIFTH AVENUE CONDOMINIUM, and<br>THOMAS CHIU,<br>                            Defendants. | 17-CV-3276 (JPO)<br><br>OPINION AND ORDER |

J. PAUL OETKEN, District Judge:

Plaintiff Carl Lation, who works as a concierge in a Manhattan condominium, brought this action against Defendants Thomas Chiu, a resident-owner at the condo; 1212 Fifth Avenue Condominium ("1212 Fifth Avenue"), the condo association; and Fetner Properties, Inc. ("Fetner"), the management company. (Dkt. No. 1 ("Compl.").) The basis of the suit is Chiu's alleged harassing and discriminatory conduct against Lation.

On December 22, 2017, the Court issued an Opinion and Order granting in part and denying in part Lation's motion for default judgment against Chiu (Dkt. No. 47), and on February 6, 2018, judgment was entered in Lation's favor on one of his claims against Chiu (Dkt. No. 64). Now before the Court is a motion for attorney's fees and costs against Chiu in connection with Lation's attempts to enforce his judgment. (Dkt. Nos. 109, 113.) For the reasons that follow, the motion for attorney's fees and costs is denied.

Also before the Court is a letter motion filed by Lation on January 24, 2019, styled on the docket as a "motion to compel." (Dkt. No. 120.) For the reasons that follow, the three requests raised for the first time in this letter motion are granted in part and denied in part.

**I.     Background**

Lation filed his Complaint in May 2017, alleging two claims against all Defendants—violation of federal anti-discrimination laws and violation of the New York City Human Rights Law—and alleging two claims against Chiu alone—intentional infliction of emotional distress and tortious interference with an employment contract.  (Compl. ¶¶ 188–99.)  After Chiu failed to defend the action against him, Lation moved for default judgment.  (Dkt. Nos. 25, 28.)

On December 22, 2017, the Court issued an Opinion and Order ruling on the motion for default judgment.  (Dkt. No. 47.)  The Court determined that Lation had neither established Chiu's liability under federal anti-discrimination laws or the New York City Human Rights Law, nor demonstrated Chiu's liability for tortious interference with an employment contract under New York law.  (Dkt. No. 47 at 6–8.)  However, the Court granted default judgment to Lation on his claim against Chiu for intentional inflection of emotional distress under New York law.  (Dkt. No. 47 at 8–9.)

After an inquest on damages was conducted, the Court awarded Lation damages against Chiu in the amount of $300,000, plus interest (Dkt. No. 61), and judgment was entered accordingly (Dkt. No. 64).  On April 4, 2018, the Court issued an Order directing Chiu to comply with certain post-judgment discovery requests, or risk sanctions.  (Dkt. No. 78.)  When Chiu persisted in failing to respond to the discovery requests, Lation filed a motion for sanctions against Chiu, as well as a motion to compel discovery from Fetner and 1212 Fifth Avenue.  (Dkt. Nos. 83, 87.)  The Court referred the motions to Magistrate Judge Henry Pitman for resolution.  (Dkt. No. 93.)  Judge Pitman ruled on the motions orally at a conference on August 15, 2018, and issued an order memorializing the rulings on October 5, 2018.  (Dkt. No. 106.)  For disregarding the Court's post-judgment discovery order (Dkt. No. 78), Judge Pitman sanctioned

Chiu at a rate of $1,000 per day until he complies, payable to the Clerk of Court. (Dkt. No. 106 at 2.)

Lation moved for reconsideration in part as to the sanctions ruling, asking that the sanctions be made payable to himself instead of the Clerk of Court. (Dkt. No. 107 at 5.) Judge Pitman denied the motion for reconsideration, but in doing so informed Lation that he could apply to the Court for legal fees he had incurred in conjunction with the October 5, 2018 Order. (Dkt. No. 108 at 1.) Lation subsequently filed a motion seeking attorney's fees and costs associated with all of counsel's efforts to enforce the judgment against Chiu. (Dkt. No. 109.) In particular, Lation seeks an award of $90,287.69 in attorney's fees and costs. (Dkt. No. 113 ¶ 39.)

## II. Discussion

### A. Motion for Attorney's Fees and Costs

#### 1. Attorney's Fees

First, Lation seeks a total of $82,250.00 in attorney's fees from Defendant Chiu for the efforts of counsel to enforce his judgment. (Dkt. No. 113 ¶ 36.)

"Under the bedrock principle known as the American Rule, each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013) (cleaned up). And Rule 54(d) of the Federal Rules of Civil Procedure requires that a party seeking attorney's fees "specify . . . the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii).

Here, however, Lation does not rely on a statute or contract to justify the requested fee shifting in this case. (*See* Dkt. No. 109 ¶¶ 49–51; *see also* Dkt. No. 61 at 5 ("New York law does not provide for fee-shifting on claims of intentional infliction of emotional distress.").) Nor does Lation invoke any of the exceptions to the American Rule that may be applied in the absence of a fee-shifting statute or contract. The Court nonetheless assumes that by requesting

3

attorney's fees, Lation seeks to rely on "the bad faith exception to the 'American Rule' against fee shifting," by which courts may impose attorney's fees as an exercise of their "inherent power." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991).

This inherent power permits courts to "assess attorney's fees as a sanction for the 'willful disobedience of a court order,'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (citation omitted), as well as to sanction a party that "has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons,'" *id*. at 45–46 (citation omitted). In this case, Judge Pitman has already determined the appropriate sanction for Chiu's failure to respond to the Court's post-judgment discovery order. (Dkt. No. 106 at 2.) Therefore, Lation presumably seeks fees as a sanction against Chiu for acting "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45–46 (citation omitted).

The relevant precedent erects a high bar to fee shifting through a court's inherent powers, which Lation does not satisfy in this case. "The Supreme Court has cautioned that because of the 'very potency' of a court's inherent power, it should be exercised 'with restraint and discretion.'" *Int'l Bhd. of Teamsters*, 948 F.2d at 1345 (quoting *Chambers*, 501 U.S. at 44); *see Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 n.5 (2017) (noting that a court's "inherent authority . . . should be exercised with especial 'restraint and discretion'" (citation omitted)). An award of attorney's fees under the Court's inherent power requires "a clear demonstration of bad faith in order to justify sanctions." *Int'l Bhd. of Teamsters*, 948 F.2d at 1347. "That bad faith must be shown by (1) 'clear evidence' o[f] (2) 'harrassment or delay or . . . other improper purposes.'" *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998) (omission in original) (quoting *Int'l Bhd. of Teamsters*, 948 F.2d at 1345). And in using its

inherent authority to fee shift, a court can permit the "complaining party" to "recover 'only the portion of his fees that he would not have paid but for' the misconduct." *Goodyear Tire*, 137 S. Ct. at 1187 (quoting *Fox v. Vice*, 563 U.S. 826, 836 (2011)).

Here, Lation neither identifies the alleged misconduct committed by Chiu that warrants sanctions over and above those already imposed, nor limits his request for sanctions to only those expenses incurred because of any such misconduct. The only arguable basis for a finding of "bad faith" on Chiu's part is his failure to comply with post-judgment discovery requests in disregard of the Court's April 4, 2018 discovery order. (*See* Dkt. No. 113 ¶ 18.) However, Judge Pitman has already sanctioned that misconduct in this case (Dkt. No. 106 at 2), and the Court sees no reason why Chiu's behavior warrants double punishment.

Accordingly, the Court denies Lation's request for attorney's fees.

2. **Costs**

Lation also seeks an award of $8,037.69 in costs associated with his efforts to enforce the judgment against Defendant Thomas Chiu. (Dkt. No. 113 ¶ 38.)

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Initially, the burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified. After the prevailing party demonstrates the amount of its costs and that they fall within an allowable category of taxable costs, that party enjoys a presumption that its costs will be awarded." *Nat. Organics, Inc. v. Nutraceutical Corp.*, No. 01 Civ. 0384, 2009 WL 2424188, at *2 (S.D.N.Y. Aug. 6, 2009) (cleaned up).

Here, Lation is the prevailing party on his claim for intentional infliction of emotional distress against Chiu (Dkt. No. 61), and a final judgment was entered in Lation's favor on that claim on February 6, 2018 (Dkt. No. 64). Under this Court's Local Rules, a notice of taxation of

5

costs must be filed with the Clerk of Court within thirty days of the entry of final judgment. Local Civil Rule 54.1(a). As the timing of this requirement indicates, costs are taxed in connection with a prevailing party's efforts undertaken to *secure* a favorable judgment, not efforts required to *enforce* that judgment. Lation has not provided any legal basis to justify an award of *post*-judgment costs under Rule 54 and Local Rule 54.

Because Lation has failed to demonstrate that the requested costs "fall within an allowable category of taxable costs," *Nat. Organics*, 2009 WL 2424188, at *2, the Court declines to award him the requested costs under Rule 54(d)(1). Moreover, to the extent Lation is seeking these post-judgment costs as a sanction under the Court's inherent powers, that request is also denied for the reasons explained above.

### B. Motion to Compel

Lation's "motion to compel" makes four requests in relation to Lation's efforts to enforce the judgment against Chiu: (1) for permission to employ a private process server to serve an anticipated Writ of Execution; (2) for the entry of an amended judgment awarding post-judgment interest; (3) for the award of attorney's fees and costs, as requested in a previously filed motion (Dkt. No. 109); and (4) for permission to serve a subpoena *duces tecum* on TD Bank for information related to accounts held by Defendant Chiu. (Dkt. No. 120 at 8.) As explained above, Lation's request for attorney's fees and costs is denied. The Court addresses the three remaining requests in Lation's letter motion in turn.

#### 1. Private Service of Process

First, Lation requests permission to retain a private process server to serve a Writ of Execution and Abstract of Judgment, in lieu of using the U.S. Marshals service to effect such service. (Dkt. No. 10 at 7–8.) Lation makes this request because the U.S. Marshals Office of the Southern District of New York stopped serving writs of execution during a government

6

shutdown earlier this year, and Lation anticipated "further delay in any efforts undertaken by that Office with respect to the service of any Writ of Execution" after the shutdown due to a "backlog" of requests. (Dkt. No. 120 at 7.)

Given the time that has elapsed since the conclusion of the government shutdown, it is possible that this request is no longer live. But to the extent that Lation still wishes to employ a private process server for this purpose, the request is granted.

Rule 4.1 of the Federal Rules of Civil Procedure provides in relevant part: "Process—other than a summons under Rule 4 or a subpoena under Rule 45—must be served by a United States marshal or deputy marshal or by a person specially appointed for that purpose." Fed. R. Civ. P. 4.1(a). "'Process' under this provision includes writs of execution." *Schneider v. Nat'l R.R. Passenger Corp.*, 72 F.3d 17, 20 (2d Cir. 1995). Rule 4.1(a) allows an individual other than a U.S. Marshal or deputy Marshal to serve a writ of execution if that individual is "specially appointed."[1] *Id.*

The Courts sees no reason to deny the request to specially appoint a process server to serve the anticipated Writ of Execution requested. As such, if Lation wishes to bear the cost of employing a private process server for this task, he is welcome to do so. He should be aware, however, that the Court has no present intention of shifting this, or any other cost associated with

---

[1] The U.S. Marshals Service contemplates that, where a U.S. Marshal is not employed to serve a writ of execution, the "specially appointed" person is "presumably a law enforcement officer." U.S. Marshals Service, *Service of Process*, https://www.usmarshals.gov/process/execution-writ.htm (accessed Apr. 11, 2019). But the language of Rule 4.1(a)—"a person specially appointed for that purpose"—does not expressly preclude the use of a private process server. And the Court has found examples in which courts have specially appointed private process servers to serve writ under Rule 4.1(a). *See State Farm Mut. Auto. Ins. Co. v. Lincow*, 263 F.R.D. 154, 155 (E.D. Pa. 2009) (writ of execution); *Francois v. Washmonbo, Inc.*, No. 05 Civ. 23368, 2008 WL 2694752, at *2 (S.D. Fla. July 8, 2008) (writ of garnishment).

post-judgment enforcement, to Defendant Chiu. *See supra* Section II.A.2.

Accordingly, pursuant to Rule 4.1(a), the Court appoints Lation's chosen private process server, Classic Legal Support Services, Inc., to serve the Writ of Execution and associated documents, as described in Lation's letter of January 24, 2019.

### 2. Post-Judgment Interest

Lation also requests that the Court direct the Clerk of Court to enter an Amended Judgment awarding post-judgment interest. (Dkt. No. 120 at 8.) The underlying judgment—in the total amount of $340,980.82, in Lation's favor on his intentional infliction of emotional distress claim against Defendant Chiu—was entered on February 6, 2018. (Dkt. No. 64.)

"Postjudgment interest is designed to compensate the plaintiff for the delay it suffers from the time damages are reduced to an enforceable judgment to the time the defendant pays the judgment." *Andrulonis v. United States*, 26 F.3d 1224, 1230 (2d Cir. 1994). The federal post-judgment interest statute provides in relevant part:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding.

28 U.S.C. § 1961(a). The weekly average one-year constant maturity treasury yield for the week ending February 2, 2018 was 1.87%. *See* Board of Governors of the Federal Reserve System, *Data Download Program*, https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15 (accessed Apr. 10, 2019). And as courts in this Circuit have recognized, post-judgment interest is appropriate as to both the underlying damages award and accrued prejudgment interest. *See, e.g.*, *Fresh Meadow Food Servs., LLC v. RB 175 Corp.*, No. 04 Civ. 4767, 2013 WL 527199, at *12 (E.D.N.Y. Feb. 11, 2013).

Accordingly, the Court will direct the Clerk of Court to enter an amended judgment, granting Lation post-judgment interest at a rate of 1.87% on the judgment of $340,980.82 entered on February 6, 2018.

### 3. Subpoena Duces Tecum

Finally, Lation seeks an order permitting his counsel to "issue a subpoena *duces tecum* on the TD Bank for records related to defaulting party Defendant and any account which he maintained at the TD Bank." (Dkt. No. 120 at 2.) Lation claims that "without a Court ordered subpoena the TD Bank will not provide the requested documents because of privacy interests that implicate the production of such documents." (Dkt. No. 120 at 2.)

The Court declines to authorize the issuance of a subpoena on the basis of hypothetical resistance on the part of the anticipated recipient. Federal Rule of Civil Procedure 69 requires a judgment creditor to obtain post-judgment discovery "as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Lation is thus directed to comply with the standard procedures for the issuance of subpoenas under Federal Rule of Civil Procedure 45.

In the event that TD Bank does not wish to comply with the subpoena, it may file a motion to quash and/or Lation may file a motion to enforce the subpoena. Fed. R. Civ. P. 45(d)(2). This is the accepted practice in cases involving subpoenas on third-parties for the production of documents to assist in the enforcement of a judgment. *See, e.g.*, *Tr. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Port Parties, Ltd.*, No. 16 Civ. 4719, 2018 WL 6061205, at *3 (S.D.N.Y. Nov. 20, 2018); *The Edward Andrews Grp., Inc. v. Addressing Servs. Co.*, No. 04 Civ. 6731, 2006 WL 1214984, at *1 (S.D.N.Y. May 4, 2006). The Court sees no

reason to depart from this standard practice here.

Lation's request for advance authorization of his anticipated subpoena to TD Bank, for the production of documents to aid the enforcement of the judgment, is thus denied.

### III. Conclusion

For the foregoing reasons, Lation's motion for attorney's fees and costs relating to the efforts to enforce his judgment against Defendant Chiu is DENIED, and Lation's motion to compel is GRANTED in part and DENIED in part.

The Court hereby authorizes any employee or agent of Classic Legal Support Services, Inc., 475 Park Avenue South-23rd Floor, New York, New York 10016, to serve the anticipated Writ of Execution and associated documents upon the TD Bank branch at 2144 Third Avenue, 117th Street and 3rd Avenue, New York 10035.

The Clerk of Court is directed to enter an amended judgment in this case to include an award of post-judgment interest. The amended judgment should reiterate the award of compensatory damages, punitive damages, and pre-judgment interest, as set forth in the Judgment at Docket Number 64. To this Judgment, the Clerk is directed to add an award of post-judgment interest, to be calculated at a rate of 1.87% and running from February 6, 2018 to the date the Clerk enters the Amended Judgment.

The Clerk of Court is directed to close the motions at Docket Numbers 109 and 120.

SO ORDERED.

Dated: April 16, 2019
       New York, New York

                                                J. PAUL OETKEN
                                        United States District Judge

*COPY MAILED BY CHAMBERS TO DEFENDANT THOMAS CHIU AT:*

601 East Micheltorena Street, Unit 18
Santa Barbara, CA 93013